UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| MICHAEL FAYO and JOSH MUTSCHLER, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | No. _____ |
| v. | § § | |
| FORZA PIPELINE SERVICES, INC. and FORZA SAFETY, L.L.C., | § § § | |
| Defendants. | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs Michael Fayo and Josh Mutschler (hereafter referred to as "Plaintiffs") bringing this collective action and lawsuit on behalf of themselves and all other similarly situated employees to recover unpaid overtime wages from Defendants Forza Pipeline Services, Inc. and Forza Safety, L.L.C. (collectively referred to as "Defendants" or "Forza"). In support thereof, they would respectfully show the Court as follows:

## I. Nature of Suit

1.     Plaintiffs' claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2.      The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a).  To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3.      Forza violated the FLSA by employing Plaintiffs and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4.      Forza violated the FLSA by failing to maintain accurate time and pay records for Plaintiffs and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5.      Plaintiffs bring this collective action under 29 U.S.C. § 216(b) on behalf of themselves and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6.      The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7.     Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because Defendants reside in the Midland/Odessa Division of the Western District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Midland/Odessa Division of the Western District of Texas.

### III.  Parties

8.     Michael Fayo is an individual who resides in Lea County, New Mexico and who was employed by Forza during the last three years.

9.     Josh Mutschler is an individual who resides in Leon County, Texas and who was employed by Forza during the last three years.

10.    Forza Pipeline Services, Inc. is a Texas corporation that may be served with process by serving its registered agent: Albert Bernal, at 3402 73rd Street, Lubbock, Texas 79423.  Alternatively, if the registered agent of Forza Pipeline Services, Inc. cannot with reasonable diligence be found at the company's registered office, Forza Pipeline Services, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

11.    Forza Safety, L.L.C. is a Texas limited liability company that may be served with process by serving its registered agent: Charles Perry, at 11003 Quaker Ave, Lubbock, Texas 79424.  Alternatively, if the registered agent of Forza Safety, L.L.C. cannot with reasonable diligence be found at the company's registered office,

Forza Safety, L.L.C. may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026

12.     Whenever it is alleged that Defendants committed any act or omission, it is meant that company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Forza or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

11.     Forza is a portable sanitation and septic services company that provides services the oil and gas industry; it does business in the territorial jurisdiction of this Court.

12.     Forza has at least 3 locations within the territorial jurisdiction of this Court: a)     5000 Highway 158, Midland, TX 79706;  b)        406      North      Oak Kermit, TX 79745; and c)     419 South Oak Pecos, TX 79772.

13.     Forza employed Michael Fayo as a Safety Coordinator from approximately August 2018 to October 2018.

14.     Forza employed Josh Mutschler as an Operator from approximately March 2018 to August 2018 and as a Safety Technician from approximately August 2018 to September 2018.

15.     During Plaintiffs' employment with Forza, they were engaged in commerce or the production of goods for commerce.

16.     During Plaintiffs' employment with Forza, the company had employees engaged in commerce or in the production of goods for commerce.

17.     During Plaintiffs' employment with Forza, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

18.     During Plaintiffs' employment with Forza, the company had an annual gross volume of sales made or business done of at least $500,000.

19.     Forza did not pay Fayo on a salary basis, as properly defined in 29 C.F.R. § 541.602.

20.     Forza's pay was subject to deduction because of the "quality or quantity" of his work.

21.     Forza did not receive his full weekly salary regardless of the number or hours or days he worked.

22.      Forza paid Mutschler on an hourly basis.

23.     During Plaintiffs' employment with Forza, they regularly worked in excess of forty hours per week.

24.     Forza knew or reasonably should have known that Plaintiffs worked in excess of forty hours per week.

25.     Forza did not pay Plaintiffs overtime "at a rate not less than one and one-half times the regular rate at which they [were] employed." 29 U.S.C. § 207(a)(1).

26.     Instead, Forza paid Operators and Safety Technicians, including Mutschler, for hours worked over forty per week at their straight time rate in violation of 29 U.S.C. § 207(a)(1).

27.     In other words, Forza paid Plaintiffs for their overtime at a rate less than one and one-half times the regular rate at which they were employed in violation of the FLSA.

28.     Forza knew or reasonably should have known that Plaintiffs were not exempt from the overtime provisions of the FLSA.

29.     Forza failed to maintain accurate time and pay records for Plaintiffs as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

30.     Forza knew or showed a reckless disregard for whether its pay practices violated the FLSA.

31.     Forza is liable to Plaintiffs for their unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

32.     All Operators, Safety Technicians, and Safety Coordinators employed by Forza are similarly situated to Plaintiffs because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are

entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees
and costs from Forza pursuant to 29 U.S.C. § 216(b).

### V.  Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)

33.     Plaintiffs adopt by reference all of the facts set forth above.  *See*, FED.
R. CIV. P. 10(c).

34.     During Plaintiffs' employment with Forza, they were nonexempt
employees.

35.     As nonexempt employees, Forza was legally obligated to pay Plaintiffs
"at a rate not less than one and one-half times the regular rate at which they [were]
employed[]" for the hours that they worked over forty in a workweek.  29 U.S.C. §
207(a)(1).

36.     Forza did not pay Plaintiffs overtime "at a rate not less than one and
one-half times the regular rate at which they [were] employed."  29 U.S.C. § 207(a)(1).

37.     In other words, Forza paid Plaintiffs for their overtime at a rate less than
one and one-half times the regular rate at which they were employed in violation of the
FLSA.

38.     If Forza classified Plaintiffs as exempt from the overtime requirements
of the FLSA, they were misclassified because no exemption excuses the company's
noncompliance with the overtime requirements of the FLSA.

39.     Alternatively, because Forza did not intend to pay Fayo on a salary basis, based upon the improper deductions, Forza has waived/lost its ability to claim any salary-based exemption.

40.     Forza knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Forza willfully violated the overtime requirements of the FLSA.

## VI.  Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

41.     Plaintiffs adopt by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

42.     The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees.  29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

43.     In addition to the pay violations of the FLSA described above, Forza also failed to keep proper time and pay records as required by the FLSA.

## VII.  Count Three—Collective Action Allegations

44.     Plaintiffs adopt by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

45.     On information and belief, other employees have been victimized by Forza's violations of the FLSA identified above.

46.     These employees are similarly situated to Plaintiffs because, during the relevant time period, they held similar positions, were compensated in a similar manner

and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

47.    Forza's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

48.    Since, on information and belief, Plaintiff's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

49.    All Operators, Safety Technicians, and Safety Coordinators employed by Forza, regardless of their rates of pay, paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All Operators and Safety Technicians employed by Forza during the last three years that were improperly paid straight time for overtime.

> All Safety Coordinators employed by Forza during the last three years that were paid on a salary basis, subject to deductions.

50.    Forza is liable to Plaintiffs and the other Operators, Safety Technicians, and Safety Coordinators for the difference between what it actually paid them and what it was legally obligated to pay them.

51.     Because Forza knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Plaintiffs and the other Operators, Safety Technicians, and Safety Coordinators their unpaid overtime wages for at least the last three years.

52.     Forza is liable to Plaintiffs and the other Operators, Safety Technicians, and Safety Coordinators in an amount equal to their unpaid overtime wages as liquidated damages.

53.     Forza is liable to Plaintiffs and the other Operators, Safety Technicians, and Safety Coordinators for their reasonable attorneys' fees and costs.

54.     Plaintiffs have retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Prayer

55.     Plaintiffs pray for the following relief:

   a.  an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b.  judgment awarding Plaintiffs and all other Operators, Safety Technicians, and Safety Coordinators all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c.  postjudgment interest at the applicable rate;

   d.  incentive awards for any class representative(s); and

   e.  all such other and further relief to which Plaintiffs and the other Operators, Safety Technicians, and Safety Coordinators may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: _____

Melissa Moore
State Bar No. 24013189
Curt Hesse
State Bar No. 24065414
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFFS**

Of Counsel:

Bridget Davidson
State Bar No. 24096858
MOORE & ASSOCIATES
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739